LEWIS A. CORBIN, impleaded with others, *v.* GEORGE F. BOUVE.

C. brings replevin against B., who, in his answer and cross-petition, sets up an equitable defense and claim to the property. C. replies; and in his answer to this cross-petition pleads a set-off, and demands judgment for money only arising from other transactions on an account stated.

*Held,* that such a claim was not included in the provisions of section 80 of the Code, and could not be pleaded as a set-off in this action.

Damages for which an action for money had and received or *indebitatus assumpsit* can be maintained, may be pleaded as a set-off.

The proceedings are not affected by the fact that the sheriff is unnecessarily a party to them. He should be dismissed.

GENERAL TERM.—Reserved from Special Term on motion to strike out from the answer to the cross-petition a claim of set-off.

The facts are fully stated in the opinion.

*Stanton & Richards,* for the motion.

*King, Thompson & Avery,* contra.

HAGANS, J. The plaintiff brought an action of replevin for certain household furniture, action 26,744, in which the defendant pleaded the general issue. When the sheriff was about to execute the writ, the defendant brought suit, action 26,747, and obtained an injunction against the plaintiffs and the sheriff to restrain the execution of the replevin, on the ground that there was a previous contract between the parties, by which it was agreed that if the defendant would execute a bill of sale of the property above mentioned, as security for an indebtedness from the defendant to the plaintiffs on a previous partnership account, they would allow him to retain the possession of the chattels until he was able to pay the debt, and that part of the agreement was that the defendant was to be a partner

with the plaintiffs in a new partnership in the business they were then carrying on, and that while the defendant signed the bill of sale, the plaintiffs refused to sign the contract on their part, and sought to remove said chattels from his residence, which would inflict great and irreparable damage to himself and family, and he asks that the bill of sale be declared void.

To this last petition the plaintiffs in the first action filed an answer, in which they deny any such agreement as stated, and allege that Bouve wrongfully bought these chattels with the money of a previous firm, and the bill of sale was made to restore the money to the plaintiffs, who had succeeded to and owned the previous firm's assets. And by way of set-off, as it is called, they set up an amount of indebtedness on the part of Bouve of $12,398.84, for which they asked judgment.

Bouve moved to consolidate the two cases as case 26,744, and that his petition asking for an injunction be taken as an answer and cross-petition, and also to strike the answer in 26,747 from the files. The motion to consolidate was granted as asked, and the motion to strike the answer from the files refused. Thereupon, the defendant moved to strike out of the answer so much thereof as pleaded the set-off, and this motion has been reserved to General Term.

It was claimed that these were unliquidated damages, and therefore not the subject of set-off. But an action could be maintained for the amount on a count in assumpsit for money had and received, or *indebitatus assumpsit*, and it seems to us would be properly pleaded if that were the only objection. *McCullough* v. *Lewis*, 1 Disney, 565.

It is said that if the plaintiff's petition in the injunction case be taken as an answer in the consolidated action, as by the order of consolidation it is directed to be, then the defendant's answer in the injunction case must be held to be a reply in the consolidated action, and that a set-off can not be pleaded by way of reply. But this claim overlooks

the fact that the petition praying for an injunction is directed to be a cross-petition as well as an answer in the consolidated case. The answer and the set-off, therefore, in the injunction case is an answer to the cross-petition in the consolidated case, and the defendant in the consolidated case might have leave to reply to the set-off if it were proper to consider it at all. Something was said in the argument about the incongruity of the actions, and that the consolidation was improvidently allowed. Exception was taken to the order of consolidation. Certainly the replevin can not proceed while the injunction is pending, and the injunction can not be determined until the pleadings are perfected and trial had. The matters involved in the petition and answer in the injunction case lie at the foundation of the replevin case. The replevin case stands on a contract growing out of certain partnership transactions. The indebtedness, at least to the extent of the bill of sale, would seem to be admitted by Bouve, but whether the lien alleged, which is the foundation of the replevin, is good, must depend upon the contract as established by the evidence. But what connection the alleged set-off has with the litigation we are unable to see. It is said to be a set-off as the pleadings now stand. The plaintiffs bring replevin; the defendant answers setting up an equitable defense and cross-petition demanding the property, and the plaintiffs reply and answer denying the defense and pleading a set-off, setting up a claim on an account stated exceeding the debt, which is the foundation of the plaintiffs' replevin, and for an indebtedness which, so far as we can see, has no connection with the cause of action, and which depends on a settlement of partnership accounts, demanding a personal judgment for $12,398.84, to which the defendant might reply if it were properly in the action.

As the pleadings stand, the case is substantially an action of replevin, and an action on an account stated and *indebitatus assumpsit*. These can not be joined in the same action, and the state of the pleadings can not vary the fact.

By section 80 of the Code (2 S. & C. 967), the plaintiffs may unite several causes of action, legal or equitable, or both, when they are included in either one of several classes, the fifth of which is " claims to recover the possession of personal property with or without damages for the withholding thereof." It is very clear to us that the set-off claimed does not belong to this class, and it is excluded from the action by the Code. The fact that the sheriff has been imported into the case does not affect the proceedings. He need not have been made a party and ought to be dismissed from the action. *Oliver* v. *Hungerford,* 10 Ohio, 272; *Allen* v. *Medill,* 14 Ohio, 442.

Motion granted.